UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAVON ROBERT DABNEY,

    Petitioner,

v.

MATT MACAULEY,

    Respondent.

Case No. 25-cv-13349

Honorable Robert J. White

## ORDER SUMMARILY DISMISSING CASE

I. <u>Introduction</u>

Javon Robert Dabney is a Michigan prisoner incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan. Dabney is serving a mandatory life sentence for his Wayne Circuit Court conviction of first-degree murder and other offenses. *See People v. Dabney*, No. 361972, 2024 Mich. App. LEXIS 2489 (Mich. Ct. App. March 21, 2024). Dabny filed a "Motion for Abeyance / Stay of Proceeding," and the Clerk docketed it as a petition for writ of habeas corpus. (ECF No. 1). Because the pleading is insufficient to commence a habeas action, the case will be summarily dismissed without prejudice.

II. <u>Background</u>

Publicly available records from the Michigan courts indicate that on May 3, 2022, a Wayne County jury found Dabney guilty of seventeen felony offenses,

including one count of first-degree murder. *People v. Dabney*, Wayne County No. 21-000850-01-FC.[1] Relevant to one of Dabney's allegations, the trial court docket sheet indicates that a motion for directed verdict was heard and denied during trial on April 29, 2022.

After Dabney was sentenced, he filed a notice of appeal and was appointed appellate counsel. On November 7, 2022, appellate counsel filed a motion for an evidentiary hearing in the trial court. The court denied the motion on December 19, 2022, after which the case proceeded to the Michigan Court of Appeals.

On March 21, 2024, the Michigan Court of Appeals affirmed Dabney's convictions in an unpublished opinion and rejected the six claims of ineffective assistance of trial counsel raised in Dabney's appellate brief. None of the six claims asserted that trial counsel was ineffective for failing challenge the sufficiency of the evidence or for failing to file a motion for a directed verdict. *See Dabney*, 2024 Mich. App. LEXIS 2489. On October 28, 2024, the Michigan Supreme Court denied Dabney leave to appeal by standard order. *See People v. Dabney*, No. 167097 (Mich. Sup. Ct. Oct. 28, 2024).

Dabney's "motion for abeyance / stay of proceedings" asserts that he seeks an order staying this case "to await the final exhaustion of remedies filed in the Detroit trial court for the 3rd Circuit Court: that due to the ineffective assistance of counsel

---

[1] *See* https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=3823597.

at trial failing to file a motion for mistrial on the insufficient evidence and failing to file a motion for a direct verdict….” (ECF No. 1, PageID.1-2).[2]

III.   Discussion

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine “if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.” Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The present case is subject to summary dismissal without prejudice for several reasons.

First, the pleading filed by Dabney is insufficient to constitute a petition for writ of habeas corpus. The minimum requirements for filing a habeas petition require the petitioner to: “(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.” Rule 2(c), Rules Governing Section 2254 Cases; *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). “Notice pleading” is not sufficient. *See* Adv. Comm. Notes

---

[2] Contrary to this allegation, no pending post-conviction motion appears on the trial court docket sheet.

3

to Rule 4; *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (observing that Rule 2 is "more demanding" than Fed. R. Civ. P. 8(a)).

The instant pleading does not meet these minimum requirements. It does not specify all the grounds for relief available to the petitioner. In particular, though Dabney states that he wishes to exhaust a new allegation of ineffective assistance of counsel, he does not state whether that unexhausted claim is the only ground he wishes to present for federal habeas review. Nor does Dabney assert any facts in support of that one claim. The pleading also fails to request habeas relief. Rather, it merely seeks a stay of proceedings and "to conduct an evidentiary hearing." (ECF No. 1, PageID.3). Finally, the pleading was not signed under penalty of perjury by Dabney as required by Rule 2.

Second, it is true that the Supreme Court has stated that a habeas petitioner who is concerned about the Antiterrorism and Effective Death Penalty Act's (AEDPA) statute of limitations may file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)).

But here, Dabney has not even filed an actual petition for writ of habeas corpus, and so there is no petition to hold in abeyance. *See, e.g., Hall v. Trierweiler*, No. 16-10126, 2016 U.S. Dist. LEXIS 86986, 2016 WL 3611887, at *1-2 (E.D.

Mich. July 6, 2016) (declining to construe Motion to Hold Habeas Petition in Abeyance as a petition for writ of habeas corpus, when there was no actual petition filed with the court); *see also Plitt v. On Habeas Corpus*, No. 07-00341, 2007 U.S. Dist. LEXIS 34675, 2007 WL 1412048, *1 (E.D. Cal. May 11, 2007) (declining to hold case in abeyance when no petition had been filed).

Third, it is unclear whether Dabney even wishes to file an actual petition for writ of habeas corpus at this time. Before a district court may recharacterize a pleading as a habeas petition brought under 28 U.S.C. § 2254, it must give notice to the petitioner of its intention to convert the petition into one brought under § 2254 and give the petitioner the option of withdrawing the petition. *See Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (citing *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002)). This is because the recharacterization of a pleading to a § 2254 petition without prior notice may bar a prisoner from later asserting a habeas challenge on different or additional grounds due to the limitations placed on second or successive habeas petitions under 28 U.S.C.§ 2244(b). *Id*. That concern is particularly relevant here where Dabney's pleading does not explicitly enumerate the claims he wishes to present on federal habeas review.

Fourth, even if Dabney's motion were construed as a habeas petition, the Court would decline to hold the case in abeyance and it would dismiss it on exhaustion grounds without prejudice. *See Rose v. Lundy*, 455 U.S. 509 (1982).

5

There are no exceptional or unusual circumstances here that would justify holding the case in abeyance instead of dismissing it. *Rhines*, 544 U.S. at 277. The Michigan Supreme Court denied leave to appeal on October 28, 2024. The statute of limitations for filing a federal habeas petition began running 90 days later, on January 26, 2025. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Dabney therefore has until January 27, 2026, to timely file a petition for writ of habeas corpus. And under 28 U.S.C. § 2244(d)(2), the AEDPA statute of limitations is tolled during the pendency of any state post-conviction proceeding. That is, Dabney has adequate time—nearly three months—to commence state post-conviction proceedings if he wishes to exhaust additional claims before filing for federal habeas relief. A stay of the proceedings is therefore not necessary to preserve the federal forum for Dabney's claims. *See Schroeder v. Renico*, 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

Finally, it is an abuse of discretion to stay a case if the petitioner's unexhausted claims appear to be "plainly meritless." *Rhines*, 544 U.S. at 277. Dabney asserts that he wishes to exhaust a claim that his trial counsel was ineffective for failing to challenge the sufficiency of the evidence and failing to raise a motion for directed verdict. The state court docket sheet, however, indicates that such a motion was argued and denied during trial. Dabney does nothing beyond listing this

claim, and he fails to explain how a claim contradicted by the state court record is not plainly meritless.

Accordingly, this Court will deny Dabney's motion and dismiss the action without prejudice. The dismissal is without prejudice so that Dabney may file a proper federal petition for writ of habeas corpus in compliance with Rule 2—enumerating all his federal claims, along with a properly supported motion to hold that petition in abeyance should he choose to raise unexhausted claims.

IV.   <u>Certificate of Appealability</u>

Finally, Federal Rule of Appellate Procedure 22 provides that an appeal in a habeas corpus proceeding may not occur unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Here, reasonable jurists would not debate the conclusion that his action should be summarily dismissed without prejudice. Therefore, the Court denies a COA.

V.    Order

Accordingly, the Court 1) summarily DISMISSES WITHOUT PREJUDICE

the petition for a writ of habeas corpus (ECF No. 1), and 2) DENIES a certificate of

appealability.

SO ORDERED.

s/Robert J. White_____
Robert J. White
United States District Judge

Date:  November 25, 2025